Case number U.S. v. St. Clair I think you won the contest. I don't know anybody that appeared three times in the same session. So this fourth one puts me over the top? Yes it does. Alright, glad to hear that. You're Michael Phelps. I get to do this again on May 22nd. Perhaps I'll see some of you then. Anyway, if I can begin by again identifying myself for the record. Daniel Hellis with the Federal Public Defender's Office. And this is not an Olympic-type event, this one, Judge Hamilton. So we've got limited issues. And we have, whereas other cases today have waiver of waiver, the government has asserted waiver here, but we don't think that it can properly do so. Because, Judge Eve, to your points earlier, if you get notice and you have the conditions listed in justifications, that's part of the basis for determining that there's waiver. But there was no PSR that was submitted here. Why doesn't the summary report of violations that included all of the conditions take the place of the notice of the PSR? Sure. A very simple explanation is that there's no justification for the conditions in that either. So whereas you may have seen from your time in the district court justifications that were typically included in a PSR to help tighten down some of the concerns that were expressed by this court post-Thompson, those are completely missing here. Now the government tries to fill that gap by saying, no worries because a year earlier there was a PSR. But that is quite an unusual position. I don't know any decision by this court that says, because you got notice of something a year ago, that puts you in a position to argue waiver presently. So I think that's a non-starter. But go ahead, Judge, I'm sorry. The summary reports, as you've agreed, set forth all of the conditions. It did not provide the justifications. Right. When the district court asked defendant and defense counsel if they had reviewed the conditions and had any objections, why didn't that waive the right to ask for further justifications? Well, it didn't ask the right question, I suppose. It's a simple answer, Judge. You should, as the judge, say, do you need justification for the conditions? And then you might say, under CAPAS, which requires justification for Thompson, that requires a justification for the person by saying, no, we're good with this, you don't have to justify something. Even though Thompson and CAPAS says so, I'm waiving that. So you think the district court should have asked, in addition to have you reviewed and do you have any objections, you think the court should have also asked, do you want any justifications for any of these? No, I think it's more bedrock than that, Judge. I think the judge is required to give a justification for the conditions of supervised release. Either adopt the PSR that has them or state them under 3553C when imposing the sentence. But we've got something here that is unusual, in my experience. So if the defendant waives the reading and says he doesn't have any objections, do you think the court, nonetheless, should go through each of the 20 conditions and give a justification? No, there's a shorter way around that barn, and that is if there's a justification in the PSR or supporting documentation, that's how the judge would typically do it. But I'm talking about the situation here. You'd think the summary report listed the 20 conditions. The judge asked if there were any objections. There were no objections. You'd think the judge, nonetheless, should have gone and given a justification for each condition. I don't think a condition can be valid without a justification under Kappus and Thompson. Your response to that question was that he explained the conditions to her. Not only talked about it, but he explained them to her. Right, said what the conditions were. Right, no problem with that. The difficulty is that for the case law that's been in effect here before, there has to be a justification. So it's notice and justification, oral pronouncement, these different things. That's not here. We have a very unusual circumstance. It was done in too summary a fashion right across the board. If you want to prepare a PSR, it's supposed to have the justifications or the judge has to give them. When you come here with a summary report, it should have justifications if you're going to give those conditions, if you're going to latch on to a waiver argument. And those things totally distinguish this from Gamilla, Block, Gabriel, any of those cases. They're completely distinguishable. I don't know how you would reach into that case law and draw a parallel for the circumstance that we have here. So with that, I think that there's a defect. So a judge must make findings and must give reasons, and that's how we have an appellate record to be reviewed. That's missing here. So a judge is also supposed to say something. That's like a small quote from Boltinghouse to justify the sentence. It's supposed to say something. The judge said nothing here. So under CAPAS, under Boltinghouse, we have a problem. The report contains no justification. The judge can't be said to have adopted any reasoning from the defective report. That makes Conditions 6 through 17 ineffective. And if I may turn then to the final point, and that is specifically the substance of the one condition that bars my client from going to places where drugs are illegally sold. We think that's bad. I don't know any authority that says, outside of supervised release, that something like this would be acceptable to put somebody on notice for a criminal statute. Conditions of supervised release have the effect of criminal statutes. You violate them, and it's worse, because you go to prison on a preponderance of the evidence without the benefit of a jury hearing your claims. And this condition that bars you from going to places is horribly unspecific. The expanse is too great. It can cover every place on earth, so far as I know, because I'm not aware of one where you cannot find illegal drugs. So the reach is too vast. It doesn't put my client on notice. Not to mention, the guidelines don't include this condition either. So we have a problem under 3583 D3 that this is inconsistency between the pertinent policy statement, which has jettisoned completely this type of restriction. And I think that is strong proof that the commission does not want this to be imposed because they think it's indefensible. They think that it is something that cannot be stated with great enough specificity or that it lacks utility. Pick. But the point is, the commission doesn't have this. The judge included it. And as part of the due process concern that we have in this case, the probation office told the judge that the guidelines recommend this condition. So the judges relied on errant information when imposing sentence, relied on this misinformation from the probation office, and we can show very definitely the judge relied on that to impose sentence. So that is, under the Tucker-Townsend line of cases, demonstrable proof of due process violation because the judge relied on incorrect information to impose the ultimate sentence in the case. Unless the Court has questions of me, I'll reserve the balance of my time. Thank you. Thank you. Good morning, and may it please the Court. Stacey Spieth on behalf of the government. Mr. St. Clair waived his right to appeal the imposition of the supervised release conditions imposed at his revocation hearing by the district court in April of 2018. Mr. St. Clair was provided advance notice of the proposed discretionary conditions of supervised release when it was provided in a summary report of violations by the probation department 12 days in advance of its hearing. During the course of the hearing, the Court went over those conditions or at least addressed those conditions with defense counsel and Mr. St. Clair. The Court asked counsel if they had received notice, and they acknowledged that they had. The Court asked if they had had an opportunity to review and discuss with the client what those conditions would mean if the Court did impose those as conditions. And the defense attorney indicated that, yes, in fact, they'd had an opportunity to review it, he discussed it with his attorney, and they had no objections. And wasn't he subject to those exact conditions at that precise time? Yes, he was. He came out on supervised release in April of that year of 2017, and the supervised release revocation petition was filed in December. So he was living under those very conditions at the time and in very close proximity. And so he was advised of those. Then the Court went through, obviously, the revocation hearing, and when she decided to revoke his supervised release and impose a 12-month sentence, and she reimposed several of the conditions that had previously been opposed. And at the conclusion, she asked defense counsel if he had any legal objection to her sentence. And again, he indicated he had no legal objection. It's for that very reason that he's waived his right to now protest those conditions. The very reason that we ask defendants to object when they believe that there's a perceived or an actual error being conducted by the trial court is to give the trial court an opportunity to correct an error if it's being made or more fully explain its decision in that case. And that was not done here. The defendant indicated that he did not object and it was well known that he knew what those conditions were and he knew that the effect those were going to have on his sentence. And the defense claims that they have not waived that, that they can still object. And there is a difference between a waiver and a forfeiture, and I think the Seals case talked about that. If you forfeit your right to contest an issue, you've done that by mistake or by error. And then you can lay in or appeal that condition under the plain error statute. But if you waive it, if you knowingly give that right up, then an appeal was forfeited on that issue. And clearly, that's what Mr. St. Clair did in this case. Mr. St. Clair knew very well what these conditions were. He knew very well the reasons that the court were going to impose those conditions. And I'll explain that a little bit. We don't have to get into the merits because the government truly believes that waiver controls the decision in this case. And if the court wants me to talk about some of the issues that they've talked about as far as the substantive, I will. For instance, the defense counsel, and I'll just say this briefly, has argued that the court provided no justification for its conditions. And that's simply not true. The court went into a very lengthy dialogue referring back to the original sentencing where she imposed the sentence and she opposed the supervised release conditions. And she talked about how the same, the defendant was in the same position back then as he was facing her now, specifically as it relates to the controlled substance issues. So she did give a statement of reason as to a justification. The court has often said that when imposing supervised release, the court needs to justify their sentence under 3553. And they can use the same basis for imposing the sentence as the basis for the supervised release. They don't have to provide an independent, detailed justification for those. It can be a generalized statement. Unless the defendant asked for a more detailed version. He did not in this case. He clearly knew what the conditions were. He clearly waived those by indicating to the court that he had been provided advance notice, that he understood them, that he had discussed them with his attorney, and that he waived them. And it's for that reason that Mr. St. Clair's appeal should be denied. So what you've done is describe something that I'd forgotten about, but judges are instructed generally in where they go for judicial education to do exactly the same thing. Ask counsel if there's anything that I can do to correct the record so we don't have an error that goes up. And that's really what this is about. Yes, exactly. And that's exactly what the court asked the defendant to do. And he failed to do so. So he clearly, knowingly, and voluntarily waived his right to appeal the conditions imposed. Counsel, is Mr. St. Clair still in prison? He served his 12 months. He got back out on supervised release, and he's back in jail now on new violations. Okay. But nothing would prevent him tomorrow from presenting a petition to the district court asking for modification of this condition that is no longer recommended by the guideline by the Sentencing Commission. That is correct. He can ask them if it does have vagueness problems. That is correct. He can definitely ask the court to do that. And the court, I think, even advised him in the sentencing hearing that he had an opportunity to do that. But to address the vagueness issue, this very condition was the basis for the appeal in the United States v. Armour case where the defendant in that case claimed that the word place, as used in this condition, was void for vagueness. And this court decided that it was not void for vagueness, that the ordinary person would understand what places mean. And it's not void for vagueness either because there was also a signature requirement for this. The court didn't just say, don't go to places where drugs and alcohol or controlled substances are used, sold, distributed, or administered. It prevented him from voluntarily placing it, and knowingly and intentionally placing him in a place where he knew that the drugs were being sold. So not only is the condition not vague as determined by the United States v. Armour, but the court made sure it was clear that the defendant knew that he couldn't voluntarily, knowingly, and intentionally place himself in those places. Thank you, Your Honors. Thank you, Counsel. Joseph, anything else? I'll work my way backwards, if I may, on this. So let's start with Armour. Armour, of course, preceded the time where the Commission has jettisoned this condition. So we now have, again, a problem of the pertinent policy statement of the Commission, which is evident through its decision to no longer include this condition. So Armour is therefore distinguishable completely by way of 3583D3. I'm a little troubled to hear that Mr. Sinclair is in jail now, and it's unfortunate for him, but also if he's there on any of these discretionary conditions that were defective in the first place because they were improperly imposed, that is certainly going to cause a problem. This is why we try to get these things done right in the first place. If conditions are important, judges should take time to properly impose them. It didn't happen here. I don't know what the rush was, that they couldn't include a justification in the PSR, but this is an important distinction where the government is saying about how the court doesn't have to give separate justifications. That's true, right? We've got case law that says, but it's true in this limited context. We've asked before because rehabilitation and the aims of supervised release are distinct, completely distinct from what the incarcerative effort is of a prison sentence, that there should be separate justifications because given this blanket explanation of sentence really seems to not understand the important distinction between supervision and incarceration. So the government's now talking about saying how the description of the sentence, justification of the sentence, is adequate. That's been fine to say that 15 years of supervised release is also correctly established or determined through the explanation of the 120-year prison sentence, but it has not been extended, to my knowledge, to instances like this where there's been no justification at any point for any of the conditions. So latching onto that case law, I think, conflates what the issues are that are present here. So finally, we have the problem of notice. Yes, he had notice of the conditions, but he had no notice of their justification, nor did the court give one, and that's a defect under CAPAS and under Boltinghouse. Furthermore, a new sentencing hearing for revocation requires consideration of what the sentence is appropriate now, not about what were the conditions that were previously imposed a year ago, six months ago, ten years ago. So to try to rope in all of that from some time earlier and to say that all shows that this is done correctly, I think is a reach, and I don't find any support for that and the government cited no support for that in the case law of this court. So if the judge wants to impose sentence and needs to give appropriate justifications for the sentence, and that includes the conditions of supervised release and Your Honors have access to the record in full, you'll find that there is no justification given. But we've gone a year there, you just sampled. We've gone now to explaining sentencing. Necessary justification in way of the notice by CAPAS, Judge, that's required. And then ultimately, if it hasn't been done through that summary report, Judge Kaney, it's easy. Somebody should flag it for the district court, which includes the probation office, which includes the attorneys, to say, Judge, there was no justification that was ever included. Please give one now. Again, this was a miss, but it shows that the conditions are defective. I have nothing further. Thank you. Thank you, Mr. Ellis. Thanks to both counsel and the case is taken under advisement.